IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-53,564-09 AND WR-53,564-10






EX PARTE LAWRENCE GENE QUINTON, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 1999-79-C2E AND 1999-80-C2E 


IN THE 54TH JUDICIAL DISTRICT COURT

FROM MCLENNAN COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in a single trial
of various counts of aggravated sexual assault of a child and indecency with a child, involving two
different complainants, and was sentenced to seventy-five years' imprisonment for each of the
aggravated sexual assault counts, and twenty years' and ten years' imprisonment for the indecency
counts. The Tenth Court of Appeals found the evidence insufficient to support the convictions on
two of the counts of one of the indictments, but affirmed the remaining counts. Quinton v. State,
Nos. 10-00-00090-CR and 10-00-00091-CR (Tex. App. - Waco, August 15, 2001).

 Applicant has filed previous writs of habeas corpus challenging both of these convictions.
This Court denied relief on his first writs, and dismissed later writs as subsequent applications. Tex.
Code Crim. Proc. art. 11.07 §4. However, in these writs, Applicant presents what he claims to be
newly discovered evidence which would provide a new factual basis for habeas review. Specifically,
Applicant provides an affidavit from his daughter, the sister of one of the complainants and cousin
of the other complainant, in which she states that she would have testified that the allegations against
Applicant were fabricated by the complainants and their grandmother, and that she saw evidence of
the fabrication prior to Applicant's trial. She also states in her affidavit that she wanted to testify on
Applicant's behalf, but that her grandmother sent her to another city to live with relatives until after
Applicant's trial, thereby preventing her from testifying. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall
determine whether Applicant's claim meets Tex. Code Crim. Proc. art. 11.07, § 4, and whether the
evidence is credible and proves that Applicant is actually innocent under Ex parte Elizondo, 947
S.W.2d 202, 208 (Tex. Crim. App. 1996). The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the record with copies of the trial transcript, and of the
transcript of the hearing on Applicant's motion for a new trial. The trial court shall then make
findings of fact as to whether the affidavit of Ieshia Quinton constitutes newly available evidence
which could not have been discovered at the time Applicant filed his previous writs. The trial court
shall make findings as to whether the affidavit of Ieshia Quinton is genuine and credible, and as to
whether the facts asserted in the affidavit would likely have changed the outcome of the case had
they been available to Applicant at the time of his trial. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 24, 2010

Do not publish